CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAY 23 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CVLR PERFORMANCE HORSES, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> JOHN L. WYNNE, ET AL., <br><br> *Defendants.* | CASE NO. 6:11-cv-00035 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is once again before the Court, this time on a "motion for relief from judgment or order" filed pursuant to Federal Rule of Civil Procedure 60(b)(2) and (3) by Plaintiff CVLR Performance Horses, Inc. ("CVLR"). In its motion, CVLR asks me to reconsider the order I entered on May 2, 2012, but presumably, CVLR is seeking reconsideration of the order I entered on April 2, 2012, in which I dismissed its case. Indeed, CVLR's Rule 60(b) motion was itself submitted on May 2, 2012; therefore, at the time it was filed, there was no order of May 2, 2012 that could possibly be reconsidered.

CVLR contends that since April 2, 2012, it has discovered additional pertinent facts that would further substantiate its claim against Defendant John Wynne ("Mr. Wynne") for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. CVLR requests leave to file a second amended complaint to include these facts, which are contained within Exhibit A to CVLR's motion. A hearing on CVLR's motion is unnecessary; for the reasons that follow, I will deny the motion.[1]

---

[1] "In accordance with Federal Rule of Civil Procedure 78(b), the Court may determine a motion without an oral hearing." W.D. Va. Civ. R. 11(b).

I. BACKGROUND

Both the procedural history of this case and the multitude of facts alleged in CVLR's first amended complaint are set forth in considerable detail in the memorandum opinion of April 2, 2012, in which I laid out my reasons for finding that CVLR had failed to state a claim under RICO and for declining to exercise supplemental jurisdiction over its state law claims. *See CVLR Performance Horses, Inc. v. Wynne*, No. 6:11-CV-00035, 2012 WL 1094855, at *1–8 (W.D. Va. Apr. 2, 2012). Accordingly, I will not use space here to unnecessarily recount that relevant background. However, I will briefly summarize the facts that have purportedly come to CVLR's attention since the entry of the order dismissing its case on April 2, 2012.

### A. New Facts Relating to Vicki Marsh

CVLR alleges that in 2006, Mr. Wynne sent two notes to Vicki Marsh ("Ms. Marsh") despite the fact that he had not loaned her any money. One of these notes, dated September 8, 2006, and secured by a deed of trust that recited no consideration, required Ms. Marsh to pay Mr. Wynne $240,000.00. The second note, dated October 1, 2006, and also secured by a deed of trust, required Ms. Marsh to pay Mr. Wynne $150,000.00. The deeds of trust conveyed to Mr. Wynne a lien on Ms. Marsh's property in Pawley's Island, South Carolina. According to CVLR, Ms. Marsh signed and recorded the deeds of trust, even though she did not comprehend the nature of the transactions, because she trusted Mr. Wynne, who she thought was acting as her banker and friend.

In January 2007, CVLR alleges that First Trust Mortgage Company ("First Trust")[2] and Wachovia made a loan of approximately $500,000.00 to Ms. Marsh, the proceeds of which were knowingly paid entirely to Mr. Wynne, who was using Ms. Marsh as a straw man borrower. The loan was secured by the Pawley's Island property. CVLR alleges that Mr. Wynne told Wachovia that the loan was for the purpose of repaying him for having previously bought out the owners of the one-half of the Pawley's Island property that Ms. Marsh did not own. However, CVLR maintains that Mr. Wynne was compensated at the time for doing so by Ms. Marsh's conveyance of her interest in the property to him. CVLR alleges that in suggesting this falsehood to Wachovia, Mr. Wynne committed an additional predicate act of bank fraud. Evidently, on April 7, 2012, Wells Fargo Bank, the successor to Wachovia, served notice of a judicial foreclosure suit against Ms. Marsh.

### B. New Facts Relating to Karen Foster

According to CVLR, Mr. Wynne has routinely stated in court filings that he loaned $40,000.00 to Karen Foster ("Ms. Foster"); however, Ms. Foster has consistently claimed that he did not loan her the money. Rather, it is Ms. Foster's contention that on August 23, 2006, Mr. Wynne obtained a note from her and a deed of trust secured by her home on the pretext that he would loan her the $40,000.00, but he never did. CVLR alleges that at some unspecified point after the order dismissing this case was entered on April 2, 2012, and during the course of Ms. Foster's bankruptcy proceedings, Mr. Wynne's own hand-written accounting revealed the fact that he did not loan Ms. Foster $40,000.00.

---

[2] On more than one occasion in Exhibit A, CVLR refers to "defendant First Trust." However, First Trust was not named as a Defendant in this action in either CVLR's initial complaint or first amended complaint. Whether CVLR's reference to First Trust as a defendant is a mistake, or is instead a suggestion that it would name First Trust as a Defendant if it were permitted to file a second amended complaint, is ultimately irrelevant for the purposes of this memorandum opinion in light of the fact that CVLR's motion will be denied.

## II. LEGAL STANDARD

Under Rule 60(b), a court may, on motion and just terms, relieve a party from an order for a variety of reasons that have been grouped into six categories. Fed. R. Civ. P. 60(b).[3] In order to obtain relief under Rule 60(b), the moving party must cross an "initial threshold," *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993), which requires it to show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances," *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984) (citation and footnote omitted).

"When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefor [sic] to the satisfaction of the district court . . . and such grounds must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations and internal quotation marks omitted). Rule 60(b) does not provide litigants with the opportunity to litigate issues not previously litigated or relitigate issues not decided in a party's favor. *See CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995); *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977). At bottom, relief under Rule 60(b) is an "extraordinary remedy" that "is only to be granted in exceptional circumstances." *Wilson v. Thompson*, 138 F. App'x 556, 557 (4th Cir. 2005) (citing *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)).

---

[3] The six grounds for relief provided in Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## III. DISCUSSION

On May 2, 2012, the same day that it filed the motion before me, CVLR filed its notice of appeal with respect to my underlying order dismissing its case. It is a "well-established principle that an appeal divests a trial court of jurisdiction over 'those aspects of the case involved in the appeal.'" *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). However, "the district court retains jurisdiction over matters 'in aid of the appeal.'" *Fobian*, 164 F.3d at 890 (quoting *In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir. 1991)). The United States Court of Appeals for the Fourth Circuit has determined that a district court's consideration of a Rule 60(b) motion while an appeal is pending is "in aid of the appeal." *Fobian*, 164 F.3d at 890. Therefore, I have jurisdiction to resolve CVLR's Rule 60(b) motion.

In order to cross the previously mentioned threshold for bringing a Rule 60(b) motion, CVLR must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner*, 731 F.2d at 207. "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the . . . order . . . ." Fed. R. Civ. P. 60(c)(1). In light of this rule, I find that CVLR has met the timeliness prong of the threshold requirement.

With respect to the moving party's obligation to show a meritorious defense, the Fourth Circuit has stated that a "meritorious defense requires a proffer of evidence which would permit a finding for the [moving party] . . . ." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (citations omitted). In the instant case, CVLR has attached an exhibit to its motion that contains "new facts" relating to two of the non-party victims of Mr. Wynne's alleged racketeering conduct. I will assume, without deciding, that this

exhibit suffices to fulfill CVLR's requirement under *Augusta Fiberglass* to proffer sufficient evidence.

To be sure, were I to grant CVLR the relief it requests in its Rule 60(b) motion, Defendants would be prejudiced, for the order dismissing CVLR's case would be wiped away, thus forcing Defendants back into litigation in this Court. But not all prejudice is *unfair* prejudice, and it is not obvious that the filing of another amended complaint would unfairly prejudice Defendants. While granting such relief would unequivocally protract this matter and cause Defendants to incur additional costs in defending against the action, such are the invariable consequences of any decision to vacate a judgment or order pursuant to Rule 60(b). These results were surely contemplated prior to Rule 60(b)'s promulgation. To the extent that Defendants claim unfair prejudice for some other reason, it remains unknown to me because they have elected not to respond to CVLR's motion within the time period prescribed for doing so. *See* W.D. Va. Civ. R. 11(c)(1) ("Unless otherwise directed by the Court, the opposing party must file a responsive brief and such supporting documents as are appropriate within 14 days after service . . . ."). Accordingly, I will also assume, without deciding, that CVLR has shown a lack of unfair prejudice to the opposing party. Similarly, I will assume that CVLR has shown exceptional circumstances given that the grounds on which CVLR seeks relief under Rule 60(b)—namely, newly discovered evidence and fraud—almost by definition imply the presence of exceptional circumstances not within CLVR's control.

Therefore, I will assume, *arguendo*, that CVLR has met the aforementioned threshold to properly lodge a Rule 60(b) motion. However, as the following discussion makes clear, CVLR has failed to demonstrate a valid Rule 60(b) claim.

## A. Newly Discovered Evidence

A court may relieve a party from an order that it has entered if newly discovered evidence that could not have been unearthed with reasonable diligence becomes available. Fed. R. Civ. P. 60(b)(2). However, most of the facts alleged by CVLR in Exhibit A are not newly discovered at all; rather, the majority can be found in previous iterations of CVLR's complaint, some even appearing verbatim. Thus, many of the "newly discovered" facts bear on legal issues that I have already considered, and as such, cannot support a Rule 60(b) motion. *See United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982) ("Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue.").

That being said, Exhibit A does contain certain previously unasserted facts, such as those summarized in Part I, *supra*. However, they fail to support CVLR's Rule 60(b) motion for at least one, if not all, of three distinct reasons. First, CVLR has not adequately substantiated its suggestion that these facts could not, with reasonable diligence, have been discovered and alleged earlier in the course of this litigation. Indeed, simple inquiry of Ms. Marsh and Ms. Foster would have led CVLR to the discovery of some of the aforementioned details (for example, dates, amounts, etc.) regarding Mr. Wynne's purported fraud.

Second, although I accept that a modicum of the evidence came about after April 2, 2012, virtually none of it would change CVLR's complaint in any material way if I permitted CVLR to amend it once again. For example, CVLR maintains that the facts related to Ms. Marsh came to light because Wells Fargo initiated a judicial foreclosure action against her on April 7, 2012. However, in its first amended complaint, CVLR asserted that Mr. Wynne was attempting to persuade Wells Fargo, the holder of Ms. Marsh's delinquent note, to foreclose on Ms. Marsh's property. The fact that this foreclosure process has now been initiated does not change anything;

rather, it simply substantiates an allegation contained with CVLR's amended complaint that I already accepted as true and took into account at the motion to dismiss stage of this litigation.

Third, and most importantly, even if I accept as true all of the allegations contained within Exhibit A, and even if I ignore the many inconsistencies between these allegations and those allegations contained within the previous versions of CVLR's complaint, CVLR has demonstrated no likelihood that a second amended complaint would be able to overcome its failure to state a claim under RICO, which was, of course, the fundamental reason for dismissing CVLR's case. For instance, the fact that CVLR has learned from Mr. Wynne's hand-written accounting that he never actually loaned Ms. Foster $40,000.00 does not serve to rebut my conclusion of April 2, 2012, that CVLR has failed to meet the continuity aspect of the "continuity plus relationship" test devised for RICO claims. *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). Notwithstanding the new predicate act of bank fraud that CVLR would incorporate into a second amended complaint as it concerns Mr. Wynne's conduct towards Ms. Marsh, it is clear to me that the facts contained within Exhibit A, even if accepted as true in their entirety, could not help CVLR show the sort of closed-ended or open-ended continuity that is necessary to proceed with a RICO claim. For these reasons, I find that CVLR has failed to make the requisite showing for relief under Rule 60(b)(2).

### B. Fraud, Misrepresentation, or Misconduct

Although CVLR states that it is also moving for relief pursuant to Rule 60(b)(3), which covers fraud, misrepresentation, or misconduct, it offers nothing beyond citation to the rule itself to substantiate this ground. For that reason alone, CVLR has failed to demonstrate a valid Rule 60(b)(3) claim. Briefly, I also point out that simply because the underlying RICO violations allegedly committed by Mr. Wynne involved fraud, misrepresentation, or misconduct does not

entitle CVLR to rely on Rule 60(b)(3) in its effort to vacate the order dismissing its case. Rule 60(b)(3) permits a judgment or order to be vacated when the conduct of the opposing party prevented the fair adjudication of the moving party's claims, not when the opposing party is accused of having engaged in some sort of fraudulent underlying conduct. As such, Rule 60(b)(3) represents a narrow ground for relief. *See Great Coastal Express, Inc. v. Int'l Bhd. Of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982). Ultimately, CVLR has not made the requisite showing for relief under Rule 60(b)(3), as it has failed to describe any misconduct or "demonstrate that such misconduct prevented [it] from fully and fairly presenting [its] claim . . . ." *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981) (citations omitted).

### IV. CONCLUSION

For the reasons stated herein, CVLR's motion pursuant to Rule 60(b) shall be denied. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this 23rd day of May, 2012.

                                                NORMAN K. MOON
                                                UNITED STATES DISTRICT JUDGE