IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **CVLR PERFORMANCE HORSES, INC.,** )<br>　　　　　　　　　　　　*Plaintiff,* )<br>　　　　　　　　　　　　　　　　　　)<br>**v.** 　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>**JOHN L. WYNNE, et al,** 　　　　　　　)<br>　　　　　　　　　　　　*Defendants* ) | **CASE NO. 6:11-CV-00035**<br><br>**MEMORANDUM OPINION** |

This matter is before the court upon a motion filed by Plaintiff CVLR Performance Horses, Inc. ("Plaintiff") to reinstate count two of the complaint against Defendants S & R Farm, LLC, Ralph Beck, and Shana Lester. For the following reasons I will decline to exercise supplemental jurisdiction, and therefore will deny Plaintiff's motion.

## I. BACKGROUND

The bulk of the factual background presented by Plaintiff in their lengthy complaint focuses on allegations directed against John L. Wynne, the primary defendant in this case, and his associated entities. For the purposes of this opinion, I will focus instead on the comparatively scant background involving the S & R Farm defendants.

On October 28, 2007, CVLR entered into an agreement with S & R Farm to purchase the riding center property in exchange for $475,000. On November 15, 2007, S & R Farm executed a deed conveying the riding center property to 1650 Partners instead, in breach of the October 28, 2007 agreement. Plaintiff contends that there was never an assignment by CVLR of the right to purchase the agreement.

On April 2, 2012, I dismissed count one of the Plaintiff's complaint and declined to exercise supplemental jurisdiction over the remaining state law claims. Plaintiff appealed the

[1]

dismissal of count one, and on May 29, 2013, the Fourth Circuit reversed. On September 20, 2013, Plaintiff filed to reinstate count two.

## II. STANDARD OF REVIEW

Courts look to 28 U.S.C. § 1367(c) when considering whether to exercise supplemental jurisdiction. § 1367(c) provides that a court may decline to exercise supplemental jurisdiction if the claim raises a novel issue of state law, the claim predominates over the federal claim, the court has dismissed the federal claim, or in exceptional circumstances. The factors discussed in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1998), including "the principles of economy, convenience, fairness, and comity" are also frequently considered in determining whether to exercise jurisdiction over state law claims. The 4th Circuit has found that reliance on these factors is appropriate. *See Hinson v. Northwest Fin. S.C., Inc.*, 239 F.3d 611, 616 (4th Cir. 2001).

## III. DISCUSSION

Plaintiff alleges breach of contract against S & R Farm, Beck and Lester, and has filed a motion to reinstate count two of the complaint. As Plaintiff notes, the decision of whether to exercise jurisdiction over a pendent claim is "committed to the informed discretion of the district court to be exercised in light of developments upon remand." *Hall v. Tawney*, 612 F.2d 607, 615 (4th Cir. 1980); *see also ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 628 (4th Cir. 1997) (noting that "pendent jurisdiction is a discretionary power."). Indeed, "[t]here are *no* situations wherein a federal court *must* retain jurisdiction over a state law claim, which would not by itself support jurisdiction." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

[2]

On the one hand, a district court may exercise supplemental jurisdiction when it has jurisdiction over related federal claims that form part of the "same case or controversy." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-728 (1966). Claims having a "common nucleus of operative fact" are often instances where it is appropriate to exercise that discretion. *See, e.g, White v. County of Newberry*, 985 F.2d 168, 171 (4th Cir. 1993). On the other hand, pendent jurisdiction is a doctrine of discretion, not of Plaintiff's right. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997) (citing *Gibbs*, 383 U.S. at 726). "[T]he doctrine of pendent jurisdiction is thus a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). Some of those concerns include "the principles of economy, convenience, fairness, and comity." *Id.* at 357; *see also Hinson v. Northwest Fin. S.C., Inc.*, 239 F.3d 611, 616 (4th Cir. 2001) (finding that "[e]ven though *Carnegie-Mellon* was decided before the doctrine of pendent jurisdiction was codified in 28 U.S.C. § 1367, we nevertheless conclude that it continues to inform the proper interpretation of § 1367(c).").

Here, I note first that when the Fourth Circuit found Plaintiff's complaint sufficiently pleaded open-ended continuity, they made no findings about the pendent state claims. *See CVLR Performance Horses, Inc., v. Wynne*, 2013 U.S. App. LEXIS 10799, at *12 (4th Cir. 2013). I determine that litigating the breach of contract claim in state court would not create great inconvenience for the parties. In fact, I note that this issue was previously litigated in state court following the original dismissal of the case in this court, indicating litigation in state court is certainly appropriate. Pl.'s Resp. to Def.'s Mot. To Dismiss 2 (docket no. 102). The state court already has intimate familiarity with these issues, and it would serve the principles of judicial

economy and comity towards those state courts to allow them to continue to apply their expertise on these issues should Plaintiff choose to further pursue their claim.[1] Def.'s Reply to Pl.'s Mot. For Joinder 3 (docket no. 112).

On the issue of fairness to the parties, I conclude that trying a simple breach of contract claim alongside a complex RICO claim, which alleges numerous wrongdoings unrelated to any action on the part of the S & R Farm defendants, would strongly risk confusing the jury or, even worse, prejudicing them by associating the unrelated racketeering allegations with the S & R Farm defendants. A court considering the discretionary exercise of supplemental jurisdiction should weigh "the specific risks of prejudice and possible confusion" against a number of other considerations, including "the burden on parties." *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). Here, the jury would have to sort through Plaintiff's voluminous RICO claim alongside the breach of contract claim, and would have the difficult task of avoiding associating the racketeering allegations with S & R Farm. The S & R Farm defendants would also have the burden of participating in discovery and other pretrial proceedings, centered around the RICO claim, should supplemental jurisdiction be exercised. Def.'s Reply to Pl.'s Mot. For Joinder 4 (docket no. 112). Plaintiff does have an interest in consolidating all its claims to avoid repeating any arguments before a state court judge, but I conclude that this does not so adversely impact Plaintiff as to outweigh the factors counseling against the exercise of supplemental jurisdiction.

---

[1] Plaintiff evidently took a nonsuit under Virginia Code § 8.01-380 deep into the state court proceedings. This is Plaintiff's right under Virginia law, and no negative inference may be drawn from that action. Nevertheless, the sequence of events does indicate that the state court has already gone through several phases of litigation, particularly discovery. Thus, it would appear most appropriate to allow Plaintiff to continue to exercise its nonsuit rights, as contemplated by the statute, by relitigating in state court rather than requiring the parties to start all over again in federal court.

Accordingly, I determine that the balance of factors to be considered under the pendent jurisdiction doctrine tip in favor of allowing a state court to decide Plaintiff's breach of contract claim. Principles of comity, efficiency, and fairness suggest that declining to exercise supplemental jurisdiction over the breach of contract claim is the appropriate course of action. Therefore, Plaintiff's motion for joinder to reinstate count two of the Complaint is **DENIED**.

### IV. CONCLUSION

Thus, Plaintiff's motion to reinstate count two will be denied, and their suit against Wynne and associated defendants will proceed as it relates to the RICO claim and the tortious interference with contract claim only. Because no claims remain against Defendants S & R Farm, LLC, Ralph Beck, or Shana Lester, they will be dismissed from this action. An appropriate order follows.

Entered this 28th day of October, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE